**Opinion filed December 3, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-15-00282-CR

_____

## ANDREW SLOAN ROBINSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 106th District Court
### Dawson County, Texas
### Trial Court Cause No. 14-7378

### M E M O R A N D U M   O P I N I O N

Appellant, Andrew Sloan Robinson, originally pleaded guilty to the second-degree felony offense of evading a motor fuel tax. The trial court assessed Appellant's punishment in accordance with the terms of his plea agreement and placed him on community supervision. The State subsequently filed a motion to revoke Appellant's community supervision, and the trial court revoked Appellant's community supervision and assessed his punishment at confinement for a term of five years. We dismiss the appeal.

This court notified Appellant by a letter dated November 9, 2015, that we had received information from the trial court that Appellant waived his right of appeal in this cause. The trial court certified that Appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2. The trial court's certification was signed by Appellant, his attorney, and the judge of the trial court. We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a response in which he states that the appeal should be dismissed and that the notice of appeal was filed based upon a mistaken belief.

Rule 25.2(d) provides that an appeal must be dismissed absent a certification that shows that the defendant has a right of appeal. TEX. R. APP. P. 25.2(d). The clerk's record contains various waivers that coincide with the revocation of Appellant's community supervision. These waivers were signed by Appellant and his attorney. Among the waivers was a "WAIVER OF APPEAL" in which Appellant affirmatively, "freely, voluntarily, and intelligently waive[d] and abandon[ed] [his] right of appeal in this case." The documents in the clerk's record support the trial court's certification and show that Appellant waived his right of appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

December 3, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.